**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VINCENT U. SOLOMON, <br><br>       Plaintiff-Appellant, <br><br>  v. <br><br> BARAJAS; et al., <br><br>       Defendants-Appellees. | No. 14-17041 <br>      14-17188 <br><br> D.C. No. 2:10-cv-02103-WBS-AC <br><br><br> MEMORANDUM[*] |

Appeals from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted November 15, 2017[**]

Before:     CANBY, TROTT, and GRABER, Circuit Judges.

California state prisoner Vincent U. Solomon appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging various constitutional claims. We have jurisdiction under 28 U.S.C. §1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Solomon's deliberate indifference claim against defendant Dr. Tate because Solomon failed to raise a genuine dispute of material fact as to whether Dr. Tate was deliberately indifferent in treating Solomon's pain. *See id.* at 1058-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to an inmate's health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference); *McGuckin v. Smith*, 974 F.3d 1050, 1060 (9th Cir. 1992) ("A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established."), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

The district court did not abuse its discretion by denying Solomon's motion to appoint counsel because Solomon did not demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement for appointment of counsel).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

2                                                                                          14-17041

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents not presented to the district court because they are not part of the record on appeal.  *United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

**AFFIRMED.**